CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WAKEEL ABDUL-SABUR | ) | CASE NO. 7:18CV00107 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner, Wakeel Abdul-Sabur, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Abdul-Sabur challenges his future confinement under the sentence imposed by this court on May 31, 2000, Case No. 6:99CR30073. Federal authorities have lodged a detainer with the Virginia Department of Corrections ("VDOC"), based on Abdul-Sabur's federal sentence. Upon review of the record, the court concludes that the government's motion to dismiss the petition must be granted.

I.

Abdul-Sabur is serving state prison sentences totaling 57 years and four months for convictions under Virginia law. On March 8, 2000, Abdul-Sabur pleaded guilty in this court, pursuant to a written plea agreement, to Count One of an indictment, charging him with two counts of mailing a threatening communication, in violation of 18 U.S.C. § 876, while incarcerated. The presentence investigation report ("PSR") described the offense conduct:

> On June 1, 1999, Ms. Liz Taulane, a social worker in Charlottesville, Virginia, received a letter from the Amherst, Virginia, County Jail, postmarked May 25. 1999. The letter was profane and among other things, stated, "You can't stop an inevitable event, bitch. I know where you are, and I am going to see to it that you are confronted . . . No court order can call off this inevitable event in regards to

you. Don't you ever accuse me of anything, bitch, for the rest of your short life." The envelope bore a return address in the name of Wakeel [Abdul-]Sabur with the mailing address of the Amherst County Jail.

On June 4, 1999, a second letter, postmarked June 1, 1999, and bearing the same return address but no author's name on the envelope, was received by Ms. Taulane. This letter also was profane and among other things, stated, "I'm gonna have someone beat the shit out of you." Both letters were received at Ms. Taulane's work address. Neither letter was signed; however, Ms. Taulane believed that [Abdul-Sabur] had authored both letters.

On July 15, 1999, Mr. [Abdul-]Sabur was interviewed by a postal inspector at the Amherst County Jail. The defendant acknowledged authoring the letters. He stated that he wrote the letters after attempting to contact Ms. Taulane by telephone. He said he did not intend to cause Ms. Taulane any bodily harm but wrote her to get her attention and to scare her, because he believed Ms. Taulane was trying to prevent his contact with a juvenile female who was a client of Ms. Taulane's.

PSR ¶¶ 3-5, No. 6:99CR30073, ECF No. 45. Under Abdul-Sabur's plea agreement, in exchange for his guilty plea to Count One, the government agreed to dismiss Count Two and to forego an offense-level enhancement under § 3A1.2 of the U.S. Sentencing Guidelines Manual ("USSG") because his victim was a government official. Id. at ¶ 5. Despite these beneficial provisions, Abdul-Sabur later moved to withdraw his guilty plea, but the court denied his motion.

The PSR found that Abdul-Sabur qualified as a career offender under USSG § 4B1.1, because his instant offense qualified as a crime of violence, as defined by USSG § 4B1.2(a), and he had at least two prior felony convictions for crimes of violence. The career offender designation increased Abdul-Sabur's offense level by four points, resulting in a USSG sentencing guideline range of 37 to 46 months in prison. Judge Norman K. Moon, to whom the case was originally assigned, sentenced him to 46 months in prison to be served consecutive to any other sentence.

Abdul-Sabur appealed the court's denial of his motion to withdraw the guilty plea and the enhancement of his sentence under the career offender guideline. The court of appeals affirmed the judgment. United States v. Sabur, 238 F.3d 417 (4th Cir. 2000) (unpublished), cert. denied, 532 U.S. 936 (2001).

In April of 2005, Abdul-Sabur filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The court summarily dismissed his § 2255 motion as untimely filed and without merit. Abdul-Sabur v. United States, Case No. 7:05-cv-00189 (W.D. Va. 2005). Abdul-Sabur did not appeal. He has also brought other unsuccessful post-conviction relief from his federal conviction and sentence.

Abdul-Sabur filed this habeas petition under § 2241 in March of 2018. In his several submissions, he contends that neither 18 U.S.C. § 876, the statute under which he was convicted for mailing a threatening communication, nor either of the prior convictions used as predicates for the career offender enhancement, is categorically a crime of violence in light of Mathis v. United States, 136 S. Ct. 2243 (2016). Abdul-Sabur asks this court to vacate his sentence and to calculate a new sentence without the career offender enhancement. The government has filed a motion to dismiss, and Abdul-Sabur has responded, making the matter ripe for disposition.

II.

The respondent first contends that this court does not have subject matter jurisdiction to address Abdul-Sabur's § 2241 petition, because he is currently in custody under a state court judgment and not under the federal criminal judgment he is challenging. It is well established that an inmate may file a habeas corpus challenge to the validity of a criminal sentence that he is not yet serving, but will be required to serve in the future, pursuant to a consecutive sentence or a

3

detainer from another jurisdiction. See Whittlesey v. Cir. Ct. for Baltimore Cty., Md., 897 F.2d 143, 148 (4th Cir. 1990) (holding that where Florida authorities held defendant under Maryland detainer, defendant is "in custody" under 28 U.S.C. § 2241(c)(3) for purposes of challenging Maryland conviction) (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489 n.4 (1973). Thus, the court concludes that Abdul-Sabur is "in custody" for purposes of § 2241 under the federal detainer based on the federal judgment he challenges here.

The respondent next argues that Abdul-Sabur has not demonstrated that this court has jurisdiction to address his habeas challenges to the federal judgment against him in the guise of a § 2241 petition. After careful review of the parties' submissions and the record, the court agrees.

A prisoner must generally file a motion under § 2255 to collaterally attack the legality of his future detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under a § 2241 petition challenging the validity of an inmate's detention under a federal court judgment unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018), cert. denied, 139 S. Ct. 1316 (2019) (holding that satisfaction of the savings clause in § 2255(e) is "jurisdictional" and thus determines whether § 2241 petition can be entertained at all). The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

4

Wheeler, 886 F.3d at 429.

Abdul-Sabur's claims fail under the second Wheeler factor. In essence, Abdul-Sabur argues that if the court applied the categorical approach outlined in Mathis to his offense under § 876 and to the state laws at issue in the convictions used as career offender predicate offenses, they would no longer qualify as crimes of violence for purposes of the career offender enhancement. The problem with this argument is that Mathis did not change settled substantive law. As the Fourth Circuit has explained:

> Descamps [v. United States, 570 U.S. 254 (2013)] and Mathis did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. See Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); Descamps, 570 U.S. at 260 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); United States v. Royal, 731 F.3d 333, 340 (4th Cir. 2013) ("In Descamps, the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach.").

Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018); Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) ("Mathis did not announce a substantive change to the law."); Waddy v. Warden, FCI Petersburg, No. 3:17CV802, 2019 WL 3755496, at *3-4 (E.D. Va. Aug. 8, 2019) (dismissing § 2241 upon finding that because Mathis was not a "retroactively applicable change in the substantive law subsequent to [defendant's] direct appeal and his first § 2255 motion, he cannot satisfy the requirement of Wheeler") (quoting Brooks, 735 F. App'x at 109) (emphasis added).

Because under Wheeler and the savings clause of § 2255(e), Abdul-Sabur does not qualify for sentencing relief under § 2241, the court will grant the motion to dismiss and dismiss his claims "without prejudice for want of jurisdiction."[1] Id. at 4. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 27th day of August, 2019.

*/s/ Conrad*
Senior United States District Judge

---

[1] In any event, even post-Mathis, Abdul-Sabur's offense has been deemed a crime of violence under USSG § 4B1.2(a)(1). See, e.g., United States v. Chapman, 866 F.3d 129, 134-35 (3d Cir. 2017) (holding that 18 U.S.C. § 876 is a divisible statute and that a conviction for mailing communications with a threat "to injure" another "falls squarely within the career offender enhancement's definition of 'crime of violence'").